APPEAL FROM PROBATE COURT IN THE ESTATE OF F. A. SAMELS, DECEASED.
CLAIM OF MARTIN MARKET.[1]

February 10, 1922.

No. 22,608.

**Estate not liable on conditional liability of decedent to pay notes.**

A contract made by the plaintiff with F. A. Samels, now deceased, and others, obligated the deceased to pay certain notes made by the

[1]Reported in 186 N. W. 698.

plaintiff to a bank, provided certain of the parties to the contract indemnified and saved him harmless upon a liability to an investment company for which he was collaterally liable. They did not do so, and the liability was asserted against his estate. It is *held* that the contract did not impose an absolute and direct liability upon him to pay the notes at all events, and give him relief only by way of indemnity after payment; but that upon the failure of the parties to save the decedent harmless upon his obligation, as agreed in the contract, and the assertion of such obligation against the estate, the plaintiff could not recover for his failure to pay the notes.

Plaintiff's claim for $3,789 having been disallowed in the probate court, it appealed to the district court for Hennepin county where the appeal was heard by Nye, J., who ordered judgment in favor of defendant. From the judgment entered in favor of defendant, plaintiff appealed. Affirmed.

*F. J. Funke* and *Briggs, Weyl & Briggs*, for appellant.

*Jesse Van Valkenburg*, for respondent.

DIBELL, J.

The plaintiff filed a claim in the probate court of Hennepin county against the estate of F. A. Samels, deceased. It was disallowed. Upon appeal to the district court the probate court was affirmed. This appeal followed.

The plaintiff, a North Dakota corporation, as party of the first part, certain others as parties of the second part, and F. A. Samels, as party of the third part, signed an agreement on February 11, 1918, whereby Samels agreed to pay within five years notes of the plaintiff to a Minneapolis bank aggregating $4,000, provided the second parties to the agreement indemnified and saved him harmless from an indebtedness of $12,000 to an investment company of Minneapolis upon which he was liable under a collateral agreement. This $4,000 claim is that now asserted against the estate. It is claimed by the estate that the agreement was not delivered. We leave this question undecided.

Conceding that there was a delivery, the estate claims that the agreement to save harmless and indemnify Samels against the $12,-

000 was not performed. The court finds upon sufficient evidence that it was not performed. The claim was asserted against the estate of Samels, and to some extent it was taken care of. The agreement contemplated an effective saving of Samels from liability. It did not contemplate that he should pay the $4,000, unless saved from the $12,000. It was not a contract whereby he was absolutely and directly liable to pay at all events the $4,000, and his only remedy by way of indemnity after payment. He was not liable for the $4,000 if the $12,000 liability was asserted against him and he was compelled to care for it. While the transaction is much confused, it is clear that the trial court's finding is sustained, and the plaintiff cannot recover.

Judgment affirmed.